Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/23/2019 09:06 AM CDT

In re Estate of Berniece C. Filsinger, deceased.
Marvin O. Filsinger et al., appellants, v. Merlin Jacobs
and Dana Anderson, Copersonal Representatives
of the Estate of Berniece C. Filsinger,
deceased, appellees.

___ N.W.2d ___

Filed April 23, 2019.    No. A-17-918.

1. **Summary Judgment.** Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.
2. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.
3. **Decedents' Estates: Wills: Contracts: Breach of Contract.** The effect of a valid contract for wills is not to create a cause of action against the decedent's estate, but instead is to create a cause of action for breach of contract.
4. **Wills: Contracts: Time.** Even where a valid contractual will exists, that existence does not make a will irrevocable. Wills by their nature are ambulatory and may be revoked at any time.
5. **Decedents' Estates: Wills: Contracts: Breach of Contract.** If the surviving party revokes or breaches a mutual contractual will, an action lies for a breach of contract against the estate of the survivor.
6. **Decedents' Estates: Claims: Limitations of Actions.** In addition to the time limitations of bringing claims against distributees, there are additional limitations on bringing such claims, including, but not limited to, when the matter was previously adjudicated in a formal testacy proceeding or in a proceeding settling the accounts of a personal representative.

- 143 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
IN RE ESTATE OF FILSINGER
Cite as 27 Neb. App. 142

7. **Judgments: Appeal and Error.** A correct result will not be set aside even when the lower court applied the wrong reasoning in reaching that result.

Appeal from the County Court for Cheyenne County: RANDIN R. ROLAND, Judge. Affirmed.

Robert M. Brenner, of Robert M. Brenner Law Office, for appellants.

Paul E. Hofmeister, of Hofmeister Law Offices, L.L.C., for appellees.

MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

Marvin O. Filsinger, Javonne Kreuger, and Gloria Vegas (the Claimants) appeal the order of the Cheyenne County Court granting summary judgment in favor of Merlin Jacobs and Dana Anderson, the copersonal representatives of the estate of Berniece C. Filsinger (the Copersonal Representatives) and dismissing the Claimants' creditor claim. For the reasons set forth herein, we affirm.

## II. STATEMENT OF FACTS

This matter arises from a creditor claim filed by the Claimants against Berniece's estate. In that claim, the Claimants allege that they are the "remainder heirs" of the estate of Orville W. Filsinger under his prior estate proceedings; that Berniece, now deceased, obtained an excessive distribution from Orville's estate as a distributee; and that said distribution was in violation of a contract entered between Orville and Berniece during their lifetimes.

The Copersonal Representatives filed a notice of disallowance of the Claimants' claim. The Claimants subsequently filed a petition for allowance of the claim, which attached and incorporated their original claim. The Copersonal Representatives filed an answer with affirmative defenses and

- 144 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE ESTATE OF FILSINGER
Cite as 27 Neb. App. 142

a counterclaim requesting that the Claimants' claim be deemed frivolous. The Copersonal Representatives then filed a motion for summary judgment, arguing that there was no genuine issue of material fact and that Berniece's estate was entitled to summary judgment as a matter of law. Specifically, the Copersonal Representatives argued that pursuant to Neb. Rev. Stat. § 30-24,120 (Reissue 2016), the Claimants' claim against Berniece's estate as distributee was brought outside of the applicable statute of limitations period, thereby barring any claim for recovery.

In an April 2017 order, the court granted the Copersonal Representatives' motion for summary judgment as to the Claimants' claim but not on the specific basis argued by the Copersonal Representatives. Instead, in its order, the court reasoned: "Although the Claimants have filed their claim in this case, it is actually a claim that should be asserted in the Estate of Orville Filsinger, PR 09-48, because the claim asserts an improper distribution from that estate. Berniece Filsinger was simply the benefactor of the alleged improper distribution." Several months later, the court denied the Copersonal Representatives' counterclaim. The Claimants timely appealed to this court, alleging error on the part of the county court in granting the Copersonal Representatives' motion for summary judgment. The Copersonal Representatives did not cross-appeal the denial of their counterclaim. Accordingly, we address only the court's order granting the motion for summary judgment.

### III. ASSIGNMENTS OF ERROR

The Claimants argue the court erred (1) in granting the Copersonal Representatives' motion for summary judgment, (2) in determining the claim must be filed in Orville's estate, and (3) in not finding that fraud was perpetrated on the Claimants.

### IV. STANDARD OF REVIEW

[1,2] Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue

- 145 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE ESTATE OF FILSINGER
Cite as 27 Neb. App. 142

regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Colwell v. Mullen*, 301 Neb. 408, 918 N.W.2d 858 (2018). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id*.

## V. ANALYSIS

### 1. Assignments of Error Nos. 1 and 2

In assignments of error Nos. 1 and 2, the Claimants argue that the county court erred in granting the Copersonal Representatives' motion for summary judgment on a basis different than argued by the Copersonal Representatives and that the basis on which the court granted the motion was in error. Specifically, the Claimants argue that the Copersonal Representatives' motion for summary judgment was based upon § 30-24,120, but the court erroneously granted the motion for summary judgment, sua sponte, on the basis that the claim was brought in the wrong estate proceeding.

The Claimants and Berniece, prior to her passing, were distributees of Orville's estate, which was administered in the Cheyenne County Court. In connection with that proceeding, on or about January 18, 2014, the personal representative of Orville's estate filed a formal petition for complete settlement after an informal testate proceeding. On February 13, the Cheyenne County Court entered a formal order for complete settlement after the informal testate proceeding. In addition to other matters, the court, in that order, found:

> F. The [p]ersonal [r]epresentative be, and hereby is authorized and directed to deliver and distribute title and possession of the assets of the estate to the Distributees in the amount and manner set forth in the Schedule of Distribution filed with the Petition for Complete Settlement After Informal Testate Proceeding.

- 146 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE ESTATE OF FILSINGER
Cite as 27 Neb. App. 142

> G. Distributions previously made by the [p]ersonal [r]epresentative and reported on the Final Accounting and/or Schedule of Distribution are hereby approved and ratified.

Notwithstanding the contents of that order, the Claimants are now looking to collaterally attack the subject matter of that order by a direct lawsuit by one distributee against another for an alleged excessive distribution. As stated in connection with their motion for summary judgment, the Copersonal Representatives argue that the claim is barred by application of § 30-24,120. Without addressing § 30-24,120, the county court held that this claim should have been asserted in Orville's estate and not as a collateral attack against Berniece's estate.

The Claimants' claim, filed as a creditor's claim in Berniece's estate, reads in part as follows:

> The basic principle of the claim is that Orville W. Filsinger and Berniece Filsinger signed an agreement on October 2, 2002, which agreed that Berniece would recover, at most, from the estate of Orville W. Filsinger's Estate the residence, contents, jewelry and assets amounting to One Million Dollars ($1,000,000.00). Berniece Filsinger confirmed this agreement and all of its terms by the execution of a Disclaimer and Renunciation Pursuant to Agreement filed in PR 09-48. However, Berniece acquired, took, claimed and held onto property which, by estate instruments just recently provided to them, that showed Berniece obtained property or monies which exceeded the One Million Dollar Agreement sum by Two Hundred Thousand Dollars ($ 200,000.00), more or less.

After reviewing this language, we are unsure if the Claimants are alleging that Orville breached the terms of this agreement by failing to draft his will in the manner specified in the agreement, which then resulted in Berniece's receiving more than she was entitled to under the agreement, or whether

- 147 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE ESTATE OF FILSINGER
Cite as 27 Neb. App. 142

the Claimants are claiming the final distribution does not conform to Orville's will which does conform with the agreement. We will examine those possibilities independently.

### (a) Failure to Conform to Agreement

Assuming the Claimants are alleging that Berniece obtained an excessive amount of money under Orville's will in violation of the agreement, we must determine whether that claim can be brought as a creditor's claim in Berniece's estate. That claim would be grounded in the October 2002 agreement between Orville and Berniece.

Neb. Rev. Stat. § 30-2351 (Reissue 2016) contemplates contracts concerning succession, sometimes referred to as a "contract for wills." Assuming, without deciding, that the October 2002 agreement was a valid contract for wills, we turn first to the language of that contract, which was admitted into evidence as exhibit 20. In the applicable portion of that agreement, the parties stated:

I. PROPERTY TO BERNIECE C. FILSINGER

In the event of the death of Orville W. Filsinger, or in the event Orville W. Filsinger and Berniece C. Filsinger shall die in a common disaster or accident or under such circumstances that it is difficult to ascertain the order of their deaths, then and either [text not readable] such events, the parties agree that Berniece C. Filsinger shall receive at a minimum, the following real property and personal property:

A. The personal residence of the parties, including all furniture, fixtures and appliances located within said residence;

B. The personal effects, jewelry and tools of Orville W. Filsinger;

C. The further sum of One Million Dollars ($1,000,000.00), reduced by non-probate transfers of real estate and personal property, including stocks, bonds, bank accounts, mutual funds, IRA accounts and insurance

- 148 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE ESTATE OF FILSINGER
Cite as 27 Neb. App. 142

proceeds distributed, transferred or payable to Berniece C. Filsinger.

Any Will and/or Trust of Orville W. Filsinger shall substantially so provide for the benefit of Berniece C. Filsinger.

[3-5] Assuming the Claimants are arguing that Orville failed to draft a will in conformance with the agreement, the nature of the cause of action and proper forum in which to file were addressed in *In re Estate of Stuchlik*, 289 Neb. 673, 857 N.W.2d 57 (2014), *modified on denial of rehearing*, 290 Neb. 392, 861 N.W.2d 682 (2015). In *In re Estate of Stuchlik*, the Nebraska Supreme Court held:

The effect of a valid contract for wills is not to create a cause of action against the decedent's estate, but instead is to create a cause of action for breach of contract. In *Pruss v. Pruss*, [245 Neb. 521, 514 N.W.2d 335 (1994),] beneficiaries filed an action seeking relief that would compel the distribution of a wife's estate under the terms of a mutual contractual will, rather than under a subsequent will executed after the death of the husband. There, we held that even where a valid contractual will existed, that existence did not make a will irrevocable. Wills by their nature are ambulatory and may be revoked at any time. Instead, if the surviving spouse revokes or breaches the mutual contractual will, an action may lie for breach of contract *against the estate of the survivor*.

289 Neb. at 684-85, 857 N.W.2d at 67-68 (emphasis in original).

Applying that principle here, if Orville left a will which did not conform to the terms of his agreement with Berniece, a party with proper standing could bring a breach of contract claim against Orville's estate for breach of that contract. If that is the nature of the Claimants' claim, the trial court rightly held that the Claimants brought their claim in the wrong estate and properly granted the Copersonal Representatives' motion for summary judgment on that basis.

- 149 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE ESTATE OF FILSINGER
Cite as 27 Neb. App. 142

(b) Failure of Distribution to Conform to Will

Assuming that the Claimants are alleging that Orville's will conformed with the agreement, but that the final distribution from Orville's estate failed to conform with Orville's will, we must undergo a separate analysis. During oral argument, the Claimants' counsel acknowledged that the basis for the Claimants' claim filed in Berniece's estate was Neb. Rev. Stat. § 30-24,107 (Reissue 2016), which provides:

Unless the distribution or payment no longer can be questioned because of adjudication, estoppel, or limitation, a distributee of property improperly distributed or paid, or a claimant who was improperly paid, is liable to return the property improperly received and its income since distribution if he has the property. If he does not have the property, then he is liable to return the value as of the date of disposition of the property improperly received and its income and gain received by him.

Section 30-24,120 places limitations on actions and proceedings against distributees, and it provides:

Unless previously adjudicated in a formal testacy proceeding or in a proceeding settling the accounts of a personal representative or otherwise barred, the claim of any claimant to recover from a distributee who is liable to pay the claim, and the right of any heir or devisee, or of a successor personal representative acting in their behalf, to recover property improperly distributed or the value thereof from any distributee is forever barred at the later of (1) three years after the decedent's death; or (2) one year after the time of distribution thereof. This section does not bar an action to recover property or value received as the result of fraud.

[6] Although the Copersonal Representatives concentrated on the time limitation components of § 30-24,120, we note the first sentence of that statute, which provides:

Unless previously adjudicated in a formal testacy proceeding or in a proceeding settling the accounts of a

- 150 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE ESTATE OF FILSINGER
Cite as 27 Neb. App. 142

personal representative or otherwise barred, the claim
of any claimant to recover from a distributee . . . and
the right of any heir or devisee . . . to recover property
improperly distributed . . . from any distributee is forever
barred . . . .

This means that in addition to the time limitations of bringing
such claims against distributees, there are additional limita-
tions on bringing such claims, including, but not limited to,
when the matter was previously adjudicated in a formal testacy
proceeding or in a proceeding settling the accounts of a per-
sonal representative.

Here, the record shows that the distribution of Orville's
estate was resolved as a result of a petition for formal settle-
ment of his estate followed by the court's formal order for
complete settlement, which included a formal resolution of
distribution of his estate. Although the Claimants argue there
were irregularities or "'snafu[s]'" in connection with that
administration, brief for appellants at 17, there is no question
that the court entered a final order for complete settlement in
connection with that distribution.

The question then becomes whether the personal repre-
sentative's petition for formal settlement in Orville's estate
followed by the court's final order for complete settlement
in Orville's estate amounted to a previous adjudication in a
proceeding settling the accounts of a personal representative.
If it did, then the Claimants' direct claim against a distribu-
tee from that estate—Berniece, in this matter—is barred by
application of § 30-24,120. We first note that there is no statu-
tory definition to the phrase "proceeding settling the accounts
of a personal representative," nor do we find any Nebraska
cases where its specific meaning has been explored. See
§ 30-24,120. In *In re Estate of Shuler*, 981 P.2d 1109 (Colo.
App. 1999), the Colorado Court of Appeals was confronted
with a similar issue. In reasoning whether a "petition for
final settlement and distribution of the estate" constitutes a

- 151 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE ESTATE OF FILSINGER
Cite as 27 Neb. App. 142

"'proceeding settling the accounts for a personal representative,'" the Colorado Court of Appeals held:

> There is no statutory definition of "a proceeding settling the accounts of a personal representative." However, "settlement," in this context, is defined as "the full process of administration, distribution, and closing." Section 15-10-201(47), C.R.S.1998.
>
> The probate court's decree of final discharge states in pertinent part: "[T]he personal representative of this estate . . . has filed receipts showing compliance with the Order for Final Settlement and Distribution . . . and the Court determines that the fiduciary should be discharged."
>
> We conclude from the language of the petition, order, and decree that the closing of this estate constituted a proceeding settling the accounts of the personal representative.

*In re Estate of Shuler*, 981 P.2d at 1114.

Applying similar reasoning, after reviewing the petition for formal settlement and the formal order for complete settlement in this matter, we hold that the petition and order in Orville's estate was a proceeding settling the accounts of a personal representative. That leaves only the question of whether the claim was previously adjudicated in that proceeding. If it was, it is now barred in a claim against a distributee.

The phrase "previously adjudicated" is not defined in the Nebraska Probate Code. The Colorado Court of Appeals found the phrase ambiguous in the context of its statute. In this context, we must decide whether the claim formulated by the Claimants as a creditor's claim in Berniece's estate was previously adjudicated in Orville's formal closing proceeding. More specifically, as we mentioned in the previous section, if the Claimants' claim is founded in contract, the Claimants brought the claim in the wrong estate. If, however, they are arguing that the final distribution simply did not conform to Orville's will, we must decide whether that issue was

- 152 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE ESTATE OF FILSINGER
Cite as 27 Neb. App. 142

adjudicated in Orville's estate. In doing so, we review the petition for formal settlement in Orville's estate, which was also admitted into evidence as part of exhibit 20.

In that petition, the personal representative of Orville's estate states, among other things, that "Petitioner, having filed herein the Final Accounting, requests the Court to approve the final settlement and direct that the distribution of remaining assets of the estate be made to the Distributees in the amount and manner set forth in the annexed Schedule of Distribution" and that "Bernice C. Filsinger has received by virtue of joint tenancy ownership and transfer and Assignment of the Promissory Note of Ron Anderson, at least One Million Dollars ($1,000,000.00) as directed by Paragraph V of the Last Will and Testament of Orville W. Filsinger." In its order, the court found and determined that the personal representative of Orville's estate was authorized and directed to distribute assets to the distributees in the amount and manner set forth in the schedule of distribution.

Accordingly, the very issue the Claimants now desire to contest was alleged and resolved in the court's previous order in Orville's estate. The Claimants now desire to relitigate that issue as a claim against the distributee. We hold that, because that specific issue was adjudicated in connection with the personal representative's petition for formal settlement, the Claimants' direct claim against the distributee of Orville's estate is barred by the terms of § 30-24,120.

[7] In summary, if the Claimants are alleging that Orville breached his contract for a will by improperly providing for Berniece in his will, the court did not err in finding that the claim was commenced in the wrong estate and properly granted the Copersonal Representatives' claim for summary judgment. In the alternative, if the Claimants are alleging that Orville conformed to his contract for a will in his will, but that the county court in Orville's estate improperly construed the will in its order of distribution, that claim is barred as a claim by one distributee against another due to the

- 153 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE ESTATE OF FILSINGER
Cite as 27 Neb. App. 142

prior adjudication of this issue in Orville's estate pursuant to § 30-24,120. As such, the county court did not err in granting summary judgment to the Copersonal Representatives. See *Bayliss v. Clason*, 26 Neb. App. 195, 918 N.W.2d 612 (2018) (correct result will not be set aside even when lower court applied wrong reasoning in reaching that result).

## 2. Assignment of Error No. 3

In assignment of error No. 3, the Claimants next argue that the county court erred in not finding that fraud was perpetrated on the Claimants. We interpret the Claimants' argument to mean that the court erred in granting the Copersonal Representatives' motion for summary judgment, because the Claimants argue there was some level of fraud committed in connection with the administration of Orville's estate which entitled them to file this claim directly against Berniece's estate as a distributee. In connection with this argument, the Claimants cite Neb. Rev. Stat. § 30-2206 (Reissue 2016), which provides:

> Whenever fraud has been perpetrated in connection with any proceeding or in any statement filed under this code or if fraud is used to avoid or circumvent the provisions or purposes of this code, any person injured thereby may obtain appropriate relief against the perpetrator of the fraud or restitution from any person (other than a bona fide purchaser) benefiting from the fraud, whether innocent or not. Any proceeding must be commenced within two years after the discovery of the fraud, but no proceeding may be brought against one not a perpetrator of the fraud later than five years after the time of commission of the fraud. This section has no bearing on remedies relating to fraud practiced on a decedent during his lifetime which affects the succession of his estate.

Additionally, we note that the last sentence of § 30-24,120 provides: "This section does not bar an action to recover property or value received as the result of fraud."

- 154 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE ESTATE OF FILSINGER
Cite as 27 Neb. App. 142

In support of this proposition of law, the Claimants argue that interested persons were not given notice in Orville's estate proceeding and that there were failures in connection with the "'final accounting,'" "'schedule of distribution,'" and other matters giving rise to "a legal basis for asserting a fraud or evasion claim." Brief for appellants at 24. In order to prevail under this theory, the Claimants must demonstrate that the claim they made was either a claim of fraud against Berniece's estate or a claim involving fraud which bars application of § 30-24,120.

In the Claimants' petition for allowance of claim, the Claimants pled as follows:

> [The Claimants], hereby make claims against the Estate of Berniece C. Filsinger, as creditors of the decedent, for the sum of Two Hundred Thousand Dollars based upon events that occurred to the remainder heirs of the Estate of Orville W. Filsinger, PR 09-48. The basic principle of the claim is that Orville W. Filsinger and Berniece Filsinger signed an agreement on October 2, 2002, which agreed that Berniece would recover, at most, from . . . Orville W. Filsinger's Estate the residence, contents, jewelry and assets amounting to One Million Dollars ($1,000,000.00). Berniece Filsinger confirmed this agreement and all of its terms by the execution of a Disclaimer and Renunciation Pursuant to Agreement filed in PR 09-48. However, Berniece acquired, took, claimed and held onto property which, by estate instruments just recently provided to them, that showed Berniece obtained property or monies which exceeded the One Million Dollar Agreement sum by Two Hundred Thousand Dollars ($ 200,000.00), more or less. This claim is not contingent, is now liquidated, or is owing as a beneficiary under the Orville Filsinger Estate or to the remaindermen as the devisees and trans-feree's of the estate rights and interests.

Contrary to the Claimants' argument now, the Claimants' claim filed against Berniece's estate as distributee from

Orville's estate was that there was a separate agreement between Orville and Berniece which prohibited a distribution in excess of $1 million, but that Berniece obtained a distribution from the estate in excess of that amount. On its face, the claim suggests that the distribution from Orville's estate proceeding amounted to a breach of contract between those individuals or improper construction of Orville's will. There is nothing in the Claimants' pleading which in any way suggests fraud in connection with the distribution of Orville's estate and purports, on its face, to be nothing more than a claim against a distributee that is barred by application of the rule set forth in *In re Estate of Stuchlik*, 289 Neb. 673, 857 N.W.2d 57 (2014), *modified on denial of rehearing*, 290 Neb. 392, 861 N.W.2d 682 (2015), or by the rule set forth in § 30-24,120 following the adjudication and formal order for complete settlement in Orville's estate. Accordingly, the county court did not err in failing to find that this was an action based in fraud which might otherwise negate application of these principles.

## VI. CONCLUSION

Having determined that the county court properly granted summary judgment in favor of the Copersonal Representatives, we affirm the order of the county court.

AFFIRMED.